**Opinion filed August 25, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00223-CR

_____

## MICHAEL ALLAN DODSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 19110B**

### M E M O R A N D U M   O P I N I O N

The trial court convicted Michael Allan Dodson of securing execution of a document by deception. *See* TEX. PENAL CODE ANN. § 32.46 (West Supp. 2016). The trial court assessed his punishment at confinement for a term of six months in the State Jail Division of the Texas Department of Criminal Justice. However, the trial court suspended the imposition of Appellant's punishment by placing him on community supervision for a term of three years. The trial court also ordered

Appellant to pay restitution in the amount of $11,717.04. In a single issue, Appellant challenges the sufficiency of the evidence supporting his conviction. We affirm.

*Background Facts*

Appellant filed an application in January 2011 seeking financial assistance from the Texas Health and Human Services Commission. He testified that he was primarily seeking assistance with medical bills he had recently incurred as a result of an injury. In answering "household information" questions on the initial written application, Appellant listed himself as the only occupant of his household.

Sharon Chance, an employee of the Commission, subsequently interviewed Appellant about his application. She testified, "I explained to him that, in order for him to qualify for any type of medical assistance through the State of Texas, he would have to have a dependent child under the age of 18 living in the home." She further stated that, when she gave Appellant this information, "he told me he did have a dependent child living in the house and that he did not add him to the application at that time because he did not know that he needed to." Chance testified that she asked Appellant about the child's information and that she explained to him that he would have to cooperate with the Texas Attorney General's Office if he obtained Medicaid. The TIERS case report that Chance generated from her interview of Appellant listed Appellant's grandson, J.D., as a member of his household and contained information concerning J.D.'s date of birth and social security number. Chance testified that she would not have approved Appellant for Medicaid benefits if he had not told her that his grandson lived with him. The Commission approved both Appellant and J.D. for Medicaid benefits, and it paid over $10,000 for Appellant's past medical expenses.

The State called J.D.'s mother as a witness. She testified that J.D. had never lived with Appellant and that he lived with her at the time Appellant applied for Medicaid benefits. She testified that she learned that J.D. had Medicaid benefits

2

through her employment for a medical provider. She further testified that child support payments that she was supposed to be receiving from J.D.'s father (Appellant's son) through the Texas Attorney General's Office were diverted to Appellant because its records indicated that J.D. lived with Appellant.

Appellant testified that he never told Chance that J.D. lived with him. To the contrary, he testified that she asked him if he had any grandchildren and that he answered truthfully. Appellant relied upon the information that he wrote on his written application as the information that he provided to the Commission about the members of his household.

*Analysis*

In his sole issue, Appellant challenges the sufficiency of the evidence to support his conviction. He contends that the evidence was insufficient to prove that he intentionally and knowingly defrauded the State of benefits. We review a sufficiency of the evidence issue under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). When conducting a sufficiency review, we consider all the evidence admitted at trial, including pieces of evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts

to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

Section 32.46(a)(1) of the Penal Code provides that "[a] person commits an offense if, with the intent to defraud or harm any person, he, by deception . . . causes another to sign or execute any document affecting property or service or the pecuniary interest of any person." The indictment tracked the language of the statute by alleging that, with intent to defraud and harm the Commission, Appellant intentionally and knowingly caused Chance, an employee of the Commission, to sign and execute a document affecting the pecuniary interest of the State, by deception, by reporting that J.D. lived in his household.

Appellant contends that the State failed to prove beyond a reasonable doubt that he intended to defraud the State of benefits. Under Section 32.46, the "forbidden conduct" is deception. *Mills v. State*, 722 S.W.2d 411, 415 (Tex. Crim. App. 1986); *Goldstein v. State*, 803 S.W.2d 777, 789 (Tex. App.—Dallas 1991, pet. ref'd). The conduct must be perpetrated with the specific intent to defraud or harm a person and must cause another to sign or execute a document. *Mills*, 722 S.W.2d at 415–16; *Goldstein*, 803 S.W.3d at 789.

Viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found the elements of the offense beyond a reasonable doubt. Appellant testified that he primarily sought benefits from the Commission in order to get financial assistance for his medical bills. Chance testified that, after Appellant initially submitted his written application, she told him that he could not be covered by Medicaid unless a minor dependent lived with him and that Appellant told her at that time that J.D. lived with him. Appellant then provided her with information about J.D. in support of the requested benefits.

4

Afterward, the Commission notified Appellant in writing that both he and J.D. were approved for Medicaid benefits. The question of whether Appellant intended to obtain Medicaid benefits by deception, when he told Chance that J.D. lived in his household, was inherently a credibility question for the trial court to resolve between the conflicting accounts that Appellant and Chance provided at trial. As noted previously, the factfinder is the sole judge of the witnesses' credibility. *See Brooks*, 323 S.W.3d at 899. We defer to the factfinder's resolution of the conflicts in the testimony. *See Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778. We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

JUSTICE


August 25, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.